# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

---

VINCENT BILOTTI,

      Plaintiff,

    v.                                  Case No. 26-892

NEMAK USA INC.;
KAYLA STOCKER,

      Defendants.

---

## COMPLAINT

---

NOW COMES Plaintiff, Vincent Bilotti, through his undersigned attorneys, and, as and for a Complaint against Defendants, Nemak USA Inc. and Kayla Stocker, alleges as follows:

### NATURE OF CASE

1. Plaintiff, Vincent Bilotti, alleges that Defendant, Nemak USA Inc., violated the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Civil Rights Act of 1991, and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq*.], by refusing to reasonably accommodate Bilotti's disability, and discriminating against him by disciplining him, and refusing to allow him to return to work from a medical leave which resulted in him using his sick time.

2. Plaintiff, Vincent Bilotti, alleges that Defendants, Nemak USA Inc., and its HR manager, Kayla Stocker, violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.] by terminating his employment in interference of his FMLA rights.

## JURISDICTION AND VENUE

3.  Jurisdiction over Plaintiff's claims under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Civil Rights Act of 1991, and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq*.], is conferred on this Court by 28 U.S.C. § 1331.

4.  Jurisdiction over Plaintiff's claims under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601-2654] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

5.  The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that Defendants are domiciled within the Eastern District and the unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

6.  All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. P., have been performed or have otherwise occurred.

## JURY DEMAND

7.  Bilotti demands that his case be tried to a jury of his peers.

## PARTIES

8.  Plaintiff, Vincent Bilotti ("Bilotti"), is an adult citizen of Wisconsin, who is domiciled at 1617 N. 11th St., Sheboygan, WI 53081.

9.  Defendant, Nemak USA Inc. ("Nemak") is a foreign business corporation organized and existing under the laws of the State of Delaware that operates manufacturing facilities and is domiciled at 3101 S. Taylor Dr., Sheboygan, WI 53081.

10.  Defendant, Kayla Stocker ("Stocker") is an adult who is domiciled at W3321 Spring Dr, Campbellsport, WI 53010.

2

**OPERATIVE FACTS**

11. Bilotti commenced employment with Nemak on or about August 1, 2020, as a temporary worker.

12. On or about February 1, 2021, Nemak hired Bilotti as a General Production Worker.

13. Bilotti has flat feet and an extra bone in his left foot.

14. Bilotti's disabilities impair his major life activities including, but not limited to, walking, standing, and working.

15. Bilotti's disabilities did not prevent him from performing the essential functions of his job at Nemak with reasonable accommodation.

16. Bilotti's medical conditions are disabilities as defined by the ADA.

17. In 2022, Bilotti's doctor ordered light duty which Nemak refused to accommodate resulting in Bilotti losing approximately two months of work.

18. Nemak required Bilotti to have his doctor remove his restrictions before he was allowed to return to work in 2022.

19. In 2022, Bilotti did not incur attendance points even though he did not call-in daily.

20. During 2025, Nemak's management observed that Bilotti needed to walk at a slower than normal pace.

21. Nemak disciplined Bilotti because he needed to walk at a slower than normal pace and notified him that if he did not produce a doctor's note his discipline would increase in severity.

22. On May 12, 2025, Bilotti's treating physician, Dr. Van Beek, provided Nemak with Bilotti's restrictions to "return to modified work sit down breaks as needed and allow additional time for walking."

23. On May 12, 2025, Bilotti asked Nemak's medical room attendant, HR manager, Stocker, and Mary (last name unknown) to allow him a little more time to walk as an accommodation for the disabilities in his feet. Nemak refused to accommodate Bilotti, refused to interact with him, and told Bilotti to have his doctor cancel his work restrictions because they do not allow people with restrictions to work on the plant floor.

24. On May 12, 2025, Nemak sent Bilotti home, pointed him for attendance, and docked a full day's wages from his paycheck.

25. On May 13, 2025, Bilotti called HR and was told by Stocker not to return to work.

26. On May 13, 2025, Nemak pointed Bilotti for attendance again and docked his pay.

27. On May 13, 2025, HR representative, Mary, told Bilotti she would confirm in writing that Nemak was not allowing him to return to work, however, no written confirmation was provided to Bilotti.

28. On May 14, 2025, Bilotti attempted several times to contact HR but was unsuccessful.

29. On May 14, 2025, per Stocker's instructions, Bilotti called Nemak and was forced to submit to FMLA-qualifying leave.

4

30. On May 15, 2025, Bilotti attempted to call HR five times, but no one answered, so he left Stocker a voicemail to call him back. Bilotti also called Nemak and was forced to submit to FMLA-qualifying leave.

31. On May 16, 2025, Bilotti placed multiple calls to HR, however no one answered.

32. At 5:00 p.m. on May 16, 2025, Stocker called Bilotti and told him that per the company's insurance policy, they were not allowed to have individuals in the facility with personal restrictions, she would send Bilotti written confirmation of his work status and asked Bilotti to clarify his doctor's orders.

33. On May 19, 2025, Bilotti was informed by Dr. Van Beek's medical assistant that the restrictions are clear, but Nemak could send a *fax* to Dr. Van Beek to identify the clarification Nemak needed. Bilotti forwarded this request to Nemak in writing, also stating, "I am eager to move forward, as it has now been 7 days since I submitted my request for reasonable accommodations, and there has been no meeting held or scheduled for the interactive process as required under the ADA."

34. On May 22, 2025, Stocker emailed Bilotti asking him to apply for FMLA or short-term disability.

35. On May 22, 2025, Stocker sent Bilotti a copy of Nemak's employee handbook and stated that Nemak would not start the interactive process until Bilotti's doctor's order was clear.

36. Nemak refused to identify for Bilotti or Dr. Van Beek what clarification of his order was necessary to engage in the interactive process.

37. Nemak's denial of Bilotti's reasonable accommodation request and refusal to engage in the interactive process discriminated against him because of his disabilities.

5

38.     Nemak's denial of Bilotti's reasonable accommodation request and refusal to engage in the interactive process violated the ADA.

39.     On July 25, 2025, Nemak terminated Bilotti's employment because of his disability, and opposition to discrimination in the workplace.

40.     At the time that Nemak terminated Bilotti's employment, he had paid time off available.

41.     The materially adverse actions by Nemak and Stocker against Bilotti interfered with his FMLA rights.

42.     The materially adverse actions by Nemak and Stocker against Bilotti caused him to suffer monetary losses.

## FIRST COUNT
## AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

43.     As and for a First Count, Bilotti re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

44.     The allegations more particularly described above constituted violations of the ADA, the Civil Rights Act of 1991, and the ADA Amendments Act of 2008, when Defendant routinely targeted and treated Bilotti less favorably than comparably situated, non-disabled employees, causing him to suffer compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, and mental anguish, all to his damage.

6

**SECOND COUNT**
**AMERICANS WITH DISABILITIES ACT**
**RETALIATION**

45.     As and for a Second Count, Bilotti re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

46.     The allegations more particularly described above constituted violations of the ADA, the Civil Rights Act of 1991, and the ADA Amendments Act of 2008, when Nemak targeted Bilotti for engaging in protected activity related to his disability, causing him to suffer compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, and mental anguish, all to his damage.

**THIRD COUNT**
**FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE § 2615(a)(1)**

47.     As and for a Third Count, Bilotti re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

48.     The allegations more particularly described above constituted violations of the FMLA when Nemak and Stocker deprived Bilotti of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, Nemak was covered by the FMLA, Bilotti was entitled to leave under the FMLA, he was forced to take FMLA-qualifying leave in lieu of an accommodation, but then Nemak and Stocker interfered with Bilotti's FMLA rights by terminating his employment.

49.     The allegations more particularly described above regarding the intentional discriminatory practices of Nemak and Stocker, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

50.     The allegations more particularly described above caused Bilotti wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Plaintiff, Vincent Bilotti, demands that judgment be entered and Defendants ordered to provide the following remedies:

A.     Compensatory damages for losses of wages, benefits, and expenses;

B.     Costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting these claims, together with interest on said fees;

C.     Damages for emotional distress, pain and suffering;

D.     Punitive damages to punish and deter Defendants from engaging in the alleged unlawful conduct now and in the future;

E.     Injunctive relief to force Defendants to cease and desist the alleged unlawful conduct;

F.     Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

G.     The interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

H.     Equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

I.     A reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

J.     Reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

K.     Costs of the action pursuant to 29 U.S.C. § 2617;

8

L.	An additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

M.	Reinstatement and back pay pursuant to 42 U.S.C. § 2000e-5(g);

N.	Compensatory and punitive damages pursuant to 42 U.S.C. § 1981a;

O.	Attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k); and

P.	Such other relief as the Court deems just and equitable.

Dated this 20th day of May, 2026.

*Electronically signed by Alan C. Olson*
Alan C. Olson, Bar Number: 1008953
Nicholas O. Yurk, SBN 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI  53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@EmployeeAdvocates.com